IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN HALLE, | CIVIL ACTION |
| Plaintiff, | |
| | No. 13-CV-1449 |
| v. | |
| WEST PENN ALLEGHENY HEALTH SYSTEM, INC., et al. | **Electronically Filed** |
| Defendants. | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT

Defendants West Penn Allegheny Health System, Inc., Highmark, Inc., Allegheny Health Network and John Lasky ("Defendants"), by and through their undersigned attorneys, for their answer and affirmative defenses:

### NATURE OF CLAIM

1. Admit only that plaintiff Halle has filed the instant action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").  Deny that Plaintiff Halle is entitled to such relief or damages.  The remainder of the allegations in paragraph 1 relate to a purported collective action that was dismissed by this Court and thus no responsive pleading is required.

### JURISDICTION AND VENUE

2. Deny the allegations in paragraph 2 as conclusions of law to which no response is required.

3. Deny the allegations in paragraph 3 as conclusions of law to which no response is required.

## COLLECTIVE ACTION STATEMENT

4.      The allegations in paragraphs 4 through 6 relate to a purported collective action that was dismissed by this Court and thus no responsive pleading is required.

## PARTIES

**A.     Defendants**

7-51.   Deny the allegations in paragraphs 7 through 51 to the extent they relate to a purported collective action that was dismissed by this Court and thus no responsive pleading is required.  Defendants further deny the allegations in paragraphs 7 through 12, 21, 22, 28, 29, and 48 through 50 as conclusions of law to which no response is required.  Defendants also deny the allegations in paragraphs 12 through 48 as conclusions of law to which no response is required inasmuch as plaintiff Halle avers those paragraphs constitute examples of joint and several liability.  To the extent any of the averments in these paragraphs are deemed factual, defendants deny them, except defendants admit that plaintiff Halle purports to define "West Penn" in paragraph 11.  Defendants deny plaintiff Halle's definition is correct or appropriate here, including but not limited to the extent it includes entities not sued herein or sued initially and subsequently dismissed.

52.     Deny the allegations in paragraph 52 as conclusions of law to which no response is required.

53.     Admit the allegations in paragraph 53 but state that the correct name for "Highmark, Inc." is Highmark Inc.  Highmark Inc. incorporates its correct name in responses to each and every paragraph in which plaintiff Halle uses "Highmark, Inc."

54.	Deny the allegations in paragraph 54 as stated.  By way of further answer, Highmark Inc. is a national, diversified health care partner based in Pittsburgh that serves members across the United States.

55.	Admit only that Highmark Inc. is the largest health insurer in Western Pennsylvania.  Deny the remaining allegations in paragraph 55.

56-60.	Deny the allegations in paragraphs 56 through 60 inasmuch or to the extent that as they characterize the terms of articles, press releases, public documents, or other documents and refer to those documents for the contents thereof.  Deny the allegations in paragraph 58.

61.	Deny the allegations in paragraph 61.

62-64.	Deny the allegations in paragraph 62-64 as conclusions of law to which no response is required.

65-67.	Deny the allegations in paragraphs 65-67 inasmuch as or to the extent that they characterize the terms of a document and refer to the document for the contents thereof.  Deny the allegations in the first sentence of paragraph 67.

68.	Deny the allegations in paragraph 68.

69.	Deny the allegations in paragraph 69.

70.	Deny the allegations in paragraph 70.

71.	Deny the allegations in paragraph 71.

72.	Deny the allegations in paragraph 72.

73-75.	Deny the allegations in paragraphs 73 through 75 inasmuch as they characterize the terms of public documents, broadcasts, or other documents and refer to the documents or broadcasts for the contents thereof.

3

76-78. Deny the allegations in paragraphs 76 through 78. Deny the allegations in paragraph 77 to the extent that they characterize the terms of a document and refer to the document for the contents thereof.

79-90. The allegations in paragraphs 79 through 90 are all premised on this case proceeding as a putative collection action. Inasmuch as this Court has dismissed the collective action allegations, and plaintiff Halle cannot in good faith allege that West Penn Allegheny Health System, Inc. lacks the financial ability to provide him complete relief, no responsive pleading to these paragraphs is required.

91. Deny the allegations in paragraph 91 as conclusions of law to which no response is required.

92. Deny the allegations in paragraph 92 as stated. By way of further answer, Mr. Lasky was appointed as a Vice President of Human Resources of West Penn Allegheny Health System, Inc. on September 1, 2007 and served in that role through August 31, 2010.

93-103. Admit only that Mr. Lasky performed duties associated with the position of Vice President of Human Resources of West Penn Allegheny Health System, Inc. as he described in depositions given in the Kuznyetsov v. West Penn Allegheny Health System case to which plaintiff Halle refers. To the extent the allegations in paragraphs 93 through 103 purports to characterize that testimony or are inconsistent with this description, those allegations are denied.

104-12. Deny the allegations in paragraphs 104 through 112, including the suggestion that any illegal policies exist. Defendants admit only that plaintiff Halle purports to define "WPAHS's Meal Break Deduction Policy," but deny that this definition is correct.

4

113. Deny the allegations in paragraph 113. To the extent the allegations in paragraph 113 relate to a purported collective action that was dismissed by this Court, no responsive pleading is required.

**B.     Plaintiff[] [Halle]**

114. Admit only that plaintiff Halle was employed within this district and upon information and belief, resided within this district. Deny the remaining allegations in paragraph 114 as conclusions of law to which no response is required.

115. Admit only that plaintiff Halle was a Certified Occupational Therapy Assistant who worked in the Occupational Therapy Department at Western Pennsylvania Hospital until the termination of his employment on December 2, 2007.

116. Admit only that during the time period applicable to plaintiff Halle's claim (April 2, 2006 to December 1, 2007), plaintiff Halle was regularly scheduled to work five 8.5 hour shifts, totaling 40 hours per week. Admit that Lisa Hopkins was one of plaintiff Halle's supervisors. Deny the remaining allegations in paragraph 116.

117. Deny the allegations in paragraph 117.

118-20. Paragraphs 118 through 120 relate to a purported collective action that was dismissed by this Court and thus no responsive pleading is required.

## FACTUAL BACKGROUND

121. Admit the allegations in paragraph 121.

122-44. Deny the allegations in paragraphs 122 through 144. By way of further answer, the named employer defendants provide meal breaks so that employees can be relieved from their duties to eat, rest or attend to non-work matters. Work during that period, however, is not prohibited. The named employer defendants' policies thus provide that, if an employee's

meal break is interrupted for even a minute of work, the employee shall be compensated for the meal break.  To the extent the allegations in these paragraphs relate to a purported collective action that was dismissed by this Court, no responsive pleading is required.

## FIRST CAUSE OF ACTION

## FLSA

145.   Incorporate their responses to paragraphs 1 through 144 as if fully restated in this paragraph.  To the extent the allegations in this paragraph relate to a purported collective action that was dismissed by this Court, no responsive pleading is required.

146.   Deny the allegations in paragraph 146.  To the extent the allegations in this paragraph relate to a purported collective action that was dismissed by this Court, no responsive pleading is required.

Paragraph 146 is followed by a paragraph demanding judgment and requesting relief in subsections (a) through (e).  Defendants deny the allegations in this paragraph as conclusions of law to which no responsive pleading is required.  To the extent a response is required, deny that plaintiff Halle is entitled to judgment or relief.  To the extent the allegations in this paragraph relate to a purported collective action that was dismissed by this Court, no responsive pleading is required.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with plaintiff Halle.  Defendants also reserve the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff Halle's claim is barred, in whole or in part, by all applicable statutes of limitation governing that claim.

## SECOND AFFIRMATIVE DEFENSE

Certain defendants are not proper defendants because they did not employ plaintiff Halle, are not successor employers, or are otherwise not responsible for the employment actions and practices of which plaintiff Halle complains.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff Halle's claim is barred to the extent that he has failed to mitigate his damages or otherwise avoid them.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff Halle's claim is barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, waiver, and/or other equitable defenses.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff Halle has sustained no damages or, if any, de minimis damages, which are not actionable under the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff Halle is not entitled to equitable relief insofar as he has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff Halle's claim for damages is barred or limited by defendants' good faith efforts to comply with applicable law.

DMEAST #20342871 v3

### EIGHTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith and have had reasonable grounds for believing that any alleged acts and omissions were not a violation of the FLSA.

### NINTH AFFIRMATIVE DEFENSE

Payments to plaintiff Halle were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor.

### TENTH AFFIRMATIVE DEFENSE

If any alleged failure to pay the wages and/or overtime wages of plaintiff Halle was unlawful, which defendants deny, none of defendants' alleged actions or omissions constitute a willful violation of the FLSA or any other law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff Halle's claim is barred in whole or in part by exclusions, exceptions, credits, or offsets permissible under the FLSA.

**WHEREFORE**, defendants respectfully request that this Court enter judgment in their favor and against plaintiff Halle and award defendants costs, attorneys' fees and expenses in this action, and such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: November 20, 2014

/s/ David S. Fryman
David S. Fryman (PA57623)
Alexandra Bak-Boychuk (PA204414)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8137
frymand@ballardspahr.com
bakboychuka@ballardspahr.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing Answer to the Amended Complaint has been served upon counsel of record by this Court's ECF system, this 20th day of November, 2014, addressed as follows:

J. Nelson Thomas, Esq.
nthomas@theemploymentattorneys.com

             /s/David S. Fryman
             David S. Fryman
             Counsel for Defendants